**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:AFM/TRP
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 16, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Approximately 127,271 Bitcoin
Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter to: (i) provide an update to the Court on the present status of this action; and (ii) summarize the applicable procedural law.

I. Status of the Action

A. Complaint and Claims

On October 14, 2025, the government commenced this action by filing a verified complaint *in rem* (the "Complaint") seeking forfeiture of 127,271 bitcoin. *See* ECF No. 1.

To date, nine parties have asserted claims or purported to do so. The parties' names, the ECF numbers of their claims, and, where applicable, the number of claimants are set forth in the following table:

| Claimant Name | Date of Claim | ECF No. |
|---|---|---|
| Ath Leepinyo | 11/17/2025 | 12 |
| AWKO Claimants (444 claimants) | 12/15/2025 | 19 |
| HLF Claimants (42 claimants) | 12/15/2025 | 21 |
| Zhi Chen | 12/29/2025 | 27 |
| Prince Holding Group | 12/29/2025 | 28 |
| Fritz Victims (2,296 claimants) | 12/29/2025 | 29 |
| Baxter Victims (425 claimants) | 12/29/2025 | 30 |
| Connie Wilson[1] | 12/30/2025 | 39 |
| Iranian Terrorism Victims[2] (1,436 claimants) | 1/14/2026 | 52 |
| Andy Yan[2] | 1/16/2026 | 54 |

Five potential claimants are subject to an extended filing deadline, permitting them to assert claims by January 19, 2026. *See* Dkt Orders Dated Dec. 11, 18, and 29, 2025 (setting January 19, 2026 claim deadline for Warp Data Technology Lao Sole Co. Ltd., LuBian, Jian Yang, Yuan Tian, and Bo Chen). The deadline for filing claims has passed as to all other claimants.

Two claimants—Iranian Terrorism Victims and Andy Yan—have filed untimely claims, as noted in Footnote 2 below. Three additional claimants have sought leave to do so. *See* ECF No. 48 (motion of Danli Wang seeking leave to file claim); ECF No. 53 (motion of

[1] As discussed in the government's opposition to Connie Wilson's hardship petition, ECF No. 59, Wilson has filed multiple submissions in this action but has not actually filed a claim. In describing Wilson's submission as a "claim" for purposes of this summary, the government does not waive any challenges it may bring to Wilson's standing.

[2] Claim filed out of time.

Ravi Anand for extension of time to file claim); ECF No. 56 (motion of Chairnoff Claimants for extension of time to file claim). As directed by the Court, the government will provide its position regarding Danli Wang's motion by January 22, 2026, and regarding the Iranian Terrorism Victims by January 23, 2026. Those submissions will also address Mr. Anand's motion, Mr. Yan's claim, and the Chairnoff Claimants' motion.

B. Claimants' Answers and Rule 12 Motions

As set forth below, a claimant must, within 21 days of filing a claim, answer the complaint or file a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12. Only one claimant, Ath Leepinyo, has filed an answer to the Complaint. Two sets of claimants—the AWKO Claimants and the HLF Claimants—have failed to file either an answer or a Rule 12 motion within the requisite 21-day period.

C. The Fritz Action

In addition to filing a claim in this action, one claimant has commenced a separate action before United States Magistrate Judge Marcia M. Henry, seeking to attach the assets seized by the government in this case. *See Fritz v. Iran & China Inv. Dev. Grp*, No. 25-cv-7093 (MMH) (the "Fritz Action"). The government is not a party to the Fritz Action, but Judge Henry directed the *Fritz* plaintiffs to seek the government's position as to their emergency motion to attach. The government's response to that motion is due to be submitted on or before February 9, 2026.

In order to ensure an orderly proceeding and prevent surprise, the government proposes that this Court order any claimant who commences or intervenes in a related action, or has already done so, to docket a notice to that effect in this matter.

D. Hardship Petition of Connie Wilson

As the Court is aware, putative claimant Connie Wilson has filed a petition seeking the release of seized property because of substantial hardship, pursuant to Title 18, United States Code, Section 983(f). *See* ECF No. 44. The government submitted its opposition to that petition earlier today. *See* ECF No. 59.

II. Statutory Framework

In order to assert a claim over property that is subject to a civil forfeiture action, a claimant "must have both standing under the statute or statutes governing [its] claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.,* 166 F.3d 522, 526 (2d Cir. 1999); *accord United States v. Ross*, 161 F.4th 100, 109 (2d Cir. 2025); *United States v. Technodyne*, 753 F.3d 368, 380 (2d Cir. 2014). Standing is "a prerequisite to challenging the forfeiture." *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014). "The defendant in [a civil forfeiture] action is the res, not the claimant. Without standing, the claimant lacks the right to bring any motion, regardless of the basis." *Id.*

A. Statutory Standing

To establish statutory standing, a claimant must comply with the procedures set forth in 18 U.S.C. § 983(a) ("Section 983") and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). *See* Rule G(1); *Ross*, 161 F.4th at 111.

In particular, the claimant must file a claim that asserts his or her interest in the property, *see* 18 U.S.C. § 983(a)(4)(A), and must then, within 21 days, file an answer to the complaint, *see* 18 U.S.C. § 983(a)(4)(B), or a motion under Federal Rule of Civil Procedure 12,

*see* Rule G(5)(B). Failure to file either an answer or a motion within the 21-day period is grounds for striking the claim for lack of statutory standing. *See* Rule G(8)(c) ("At any time before trial, the government may move to strike a claim or answer . . . for failing to comply with Rule G(5) or (6)"); *United States v. Real Prop. & Premises Located at 2840 S. Ocean Boulevard*, No. 14-CV-2693 (RJD), 2017 WL 1533538, at *4 (E.D.N.Y. Apr. 21, 2017) (striking claim for failure to timely file an answer or a motion to dismiss); *United States v. $27,601.00 in U.S. Currency*, 800 F. Supp. 2d 465, 467 (W.D.N.Y. 2011) (granting Rule G(8)(c) motion to dismiss for lack of statutory standing where claimant filed claim but no answer; collecting cases requiring strict compliance with Rule G(5)).

The answer to the complaint must be filed in compliance with Federal Rule of Civil Procedure Rule 8, which generally requires the claimant to answer each of the allegations in the government's complaint in numbered paragraphs. *See, e.g.*, *United States v. Approximately $11,360 in U.S. Currency,* 713 F. Supp. 3d 541, 547 (E.D. Wis. 2024) (striking claim where claimant "has not specifically identified which of those accusations, contained in numbered paragraphs, she admits and which she denies"); *United States v. 579,410.00 in U.S. Currency*, No. 20-3333, 2021 WL 3172908, at *2 (C.D. Ill. July 27, 2021) ("The Government is entitled to know which allegations of its Complaint that Claimant admits and which allegations he denies."); *United States v. $67,775.00 in U.S. Currency,* 278 F.R.D. 345 (D. Md. 2012) (claimant ordered to replace blanket denial of all the factual allegations with a separate response to each of the numbered paragraphs in the agent's declaration).

B. Article III Standing and Special Interrogatories

In addition to statutory standing, a claimant must also establish constitutional standing to contest the forfeiture pursuant to Article III of the United States Constitution.

Standing exists when "the [claimants] have alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues…" *Cambio Exacto*, 166 F.3d at 527 (quoting *Torres v. $26,256.80 U.S. Currency*, 25 F.3d 1154, 1157 (2d Cir. 1994) (alteration omitted)).

To test a claimant's Article III standing, the government may serve the claimant with special interrogatories "without the court's leave at any time after the claim is filed." Rule G(6). The purpose of special interrogatories is to "gather information that bears on the claimant's standing," Rule G Advisory Committee's note to 2006 adoption. *See United States v. $284,950 in U.S. Currency*, 933 F.3d 971 (8th Cir. 2019) (purpose of special interrogatories is to test validity of claimant's claim and allow the government to obtain evidence to challenge standing in a motion for summary judgment); *United States v. Funds in the Amount of $547,840*, 719 F.3d 648, 653 (7th Cir. 2013) (underlying reason for special interrogatories is that "the government need[s] discovery in order to determine whether the claimants ha[ve] valid claims").

Special interrogatories are typically used to obtain information regarding the claimant's identity, the nature of the interest that she is asserting in the defendant property, and the time, place and manner in which she acquired that interest – all for the purpose of testing whether the claimant is able to establish, by a preponderance of the evidence, that the property belongs to her and not to some other person, including a corporation that she may control. *See United States v. The New Silver Palace Restaurant*, 810 F. Supp. 440, 442 (E.D.N.Y. 1992) (shareholders lack standing to challenge forfeiture of corporate assets). They are also used to test whether the claimant is merely a nominee or straw owner who did not exercise dominion and control over the defendant property. *See, e.g., United States v. Real Properties Known as 50 Riverside Blvd.,* No. 18-cv-9293, 2019 WL 4877490, *3 (D. N.J. Oct. 2, 2019).

Reflecting the central role that special interrogatories play in testing a claimant's standing, and the requirement that standing be established before the claimant may move to dismiss the complaint, Rule G provides that the claimant must answer or object to the special interrogatories within 21 days after they are served, and that the government need not respond to a claimant's motion to dismiss under Rule G(8)(b) "until 21 days after the claimant has answered these interrogatories." Rule G(6)(b) and (c); *Vazquez-Alvarez,* 760 F.3d at 197 ("[T]he Forfeiture Rules provide that if the government issues interrogatories aimed at determining whether a claimant can establish standing, the government need not respond to a motion to dismiss 'until 21 days after the claimant has answered [the] interrogatories.'").

If a claimant's response to the government's special interrogatories is inadequate, the government may file a motion to compel responses to the interrogatories, or a motion to strike the claim or answer under Rule G(8)(c)(i)(A. *Vazquez-Alvarez,* 760 F.3d at 196 (affirming default judgment of forfeiture after district court granted government's motions to compel and to strike claim); *United States v. Two Hundred Seventy-Two Thousand Dollars & No Cents ($272,000)*, No. 16-cv-06564 (AMD), 2017 WL 8780158, at *5 (E.D.N.Y. Oct. 26, 2017) (granting in part government's motion to compel); *United States v. Approximately $750,000.00 in U.S. Currency*, No. 10-cv-6069 BSJ, 2011 WL 6155687, at *3 (S.D.N.Y. Dec. 8, 2011) (granting motion to compel).

If the government moves to compel or to strike a claimant's answer as inadequate, its response to the motion to dismiss is deferred until the dispute is resolved by the court. *See United States v. $60,141 in U.S. Currency,* No. 24-cv-480, 2025 WL 1210964, at *1-2 (D. Nev. Apr. 25, 2025) (granting stay of time for government to respond to motion to dismiss until 21 days after claimant cured incomplete responses to special interrogatories); *United States v.*

*$307,970.00 in U.S. Currency,* No. 12-cv-136, 2013 WL 4095373, at *6 (E.D.N.C. Aug. 13, 2013) (same). A claimant must establish standing before he can move to dismiss, because "without standing, he is simply a stranger to the litigation." *Vazquez-Alvarez,* 760 F.3d at 198.

Finally, once any dispute regarding a claimant's responses to the special interrogatories is resolved, the government has two options: it can respond to the claimant's motion within 21 days, or it can file a dispositive motion to strike his claim for lack of standing or pursuant to the fugitive disentitlement doctrine. As Rule G(8)(c) provides, the latter option can take the form of a motion on the pleadings, a motion for summary judgment, or a request for an evidentiary hearing. *See* Rule G(8)(c)(ii)(B). Moreover, if it elects to file a motion for summary judgment or requests an evidentiary hearing, the government may conduct additional discovery under Rule 56 limited in scope to the claimant's standing that goes beyond the written interrogatories authorized by Rule G(6), including depositions and requests for the production of records. *See United States v. M/Y Amadea,* No. 23-cv-9304, 2024 WL 4799887, at *5 (S.D.N.Y. Nov. 15, 2024) (discussing extensive discovery undertaken pursuant to Rule 56 on the government's motion for summary judgment for lack of standing); Rule 56(c)(1)(A) (providing that a motion for summary judgment may be supported by evidence obtained during discovery, including depositions, documents, admissions, and interrogatory answers).

C. Fugitive Disentitlement

In addition to striking a claim for failure to establish statutory or constitutional standing, a court may bar the claim pursuant to the fugitive disentitlement doctrine, codified at 28 U.S.C. § 2466. The statute "is designed to prevent 'the unseemly spectacle . . . of a criminal defendant who, facing both incarceration and forfeiture for his misdeeds, attempts to invoke from a safe distance only so much of a United States court's jurisdiction as might secure him the return of alleged criminal proceeds while carefully shielding himself from the possibility of a penal sanction.'" *Technodyne*, 753 F.3d at 377 (quoting *Collazos v. United States*, 368 F.3d 190, 200 (2d Cir. 2004)). The issue of fugitive disentitlement can be raised at any time, given that "§ 2466 does not impose time constraints on a court," and it "can be raised by the court on its own motion." *United States v. $6,976,934.65 Plus Interest*, 477 F. Supp. 2d 30, 38 n.6 (D.D.C. 2007).

A corporation filing a claim in a forfeiture action may be derivatively barred if "any majority shareholder," or an individual filing a claim on the corporation's behalf, is subject

to fugitive disentitlement. 28 U.S.C. § 2466(b).

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/

Alexander Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew Reich
Rebecca Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division