IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOALA FRITZ, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>IRAN AND CHINA INVESTMENT DEVELOPMENT GROUP, d/b/a LUBIAN.COM,<br><br>        Defendant. | Civil Action No. 25-cv-7093 |

## **DECLARATION OF ROBERT L. WEIGEL**

I, Robert Weigel, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.    I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, in New York, N.Y., which is counsel for the Plaintiffs in the above-captioned action. I am admitted to practice in the United States District Court of the Eastern District of New York.

2.    I make this declaration in support of Plaintiffs' Motion for *Ex Parte* Attachment. Plaintiffs bring this suit to hold Iran responsible for its role in the various attacks forming the basis for their judgments. As set forth in that motion, Plaintiffs are entitled to attachment of the approximately 127,217 Bitcoin ("Bitcoin") belonging to the Iran and China Investment Development Group pursuant to the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297, § 201(a), 116 Stat. 2337 (Nov. 26, 2002), codified at 28 U.S.C. § 1610 Note, and NY CPLR §§ 6205, 6212 because they are blocked assets belonging to an agency or instrumentality of a terrorist party and because all other procedural requirements for attachment under New York law are satisfied.

## I.    Plaintiffs' Need for *Ex Parte* Relief

3.    Plaintiffs have made no prior request for the relief sought in the accompanying *ex parte* motion, namely the issuance of an order of attachment of the Bitcoin, which are located in this District, held by the United States as garnishee.

4.    Plaintiffs request *ex parte* disposition of the motion, as authorized by CPLR § 6211, due to the competing and forthcoming claims of other creditors against the Bitcoin. The United States has instituted a forfeiture action against the subject Bitcoin, prompting numerous potential creditors to assert claims against the Bitcoin. Attached hereto as **Exhibit 1** is a true and correct copy of the United States' complaint in the forfeiture action, *United States v. Approximately 127,271 Bitcoin*, No. 1:25-cv-05745, Dkt. No. 1 (E.D.N.Y. Oct. 14, 2025) ("Forfeiture Dkt.").

5.    At least 487 claimants have already asserted interests in the Bitcoin by filing claims in the forfeiture action. *See* Forfeiture Dkt. Nos. 12, 19-1, 2 (claims of Mr. Ath Leepinyo, AWKO Claimants, and HLF Claimants). Numerous other persons appear poised to assert further interests. The deadline for potential third-party claimants to file claims in the forfeiture action is December 29, 2025, and the Court has extended the deadline for claimants LuBian, Chen Zhi and Warp Data Technology Lao Sole Co. Ltd., and JianYang to file claims until January 19, 2026. *See* Dec. 11, 2025 Order, Forfeiture Dkt.; Dec. 18, 2025 Order, Forfeiture Dkt. Additional persons, Yuan Tian and Bo Chen, have also requested an extension of time to file claims against the Bitcoin. Forfeiture Dk. No. 26.

6.    Beyond these known entities and persons who have already purported to have interests in the Bitcoin, there are thousands of other judgment creditors holding billions of dollars of unpaid judgments against Iran. Iran is a known recalcitrant judgment debtor and does not voluntarily pay judgments of United States courts holding it liable for acts of terrorism. Once Iran's interest in the Bitcoin becomes known as a result of Plaintiffs' diligent efforts in this suit, it

2

is likely that numerous other judgement creditors of Iran will rush to assert interests in the Bitcoin as well.

7. As a result, without immediate relief, Plaintiffs may miss their narrow window for attaching assets to which they are entitled as a result of their judgments against Iran for its role in perpetrating the terrorist attacks of which they are victims. Because prompt adjudication of Plaintiffs' attachment motion is imperative to secure their interests in the Bitcoin against competing creditors, there are "good and sufficient reasons" under Local Civil Rule 6.1 for an *ex parte* order.

## II. Plaintiffs' Request for Alternative Service

8. To facilitate swift attachment for the reasons explained above, Plaintiffs ask that the Court permit them to serve the United States as garnishee directly by sending the attachment order to the U.S. Attorney's Office in this District.

9. Under New York law, actual levy on assets does not occur until service of the attachment order on the garnishee. *See* CPLR § 6214.

10. Ordinarily, service of an attachment order issued by a federal court would be effected by the U.S. Marshals. *See* Fed. R. Civ. P. 4.1(a). But New York attachment procedure—which governs under Rule 64 of the Federal Rules of Civil Procedure—permits alternative forms of service when default procedures are "impracticable." CPLR § 308(5).

11. For the same reasons that Plaintiffs seek *ex parte* attachment, Plaintiffs also request alternative service on the U.S. Attorney's Office to allow Plaintiffs to ensure that levy of an attachment order on the Bitcoin is not delayed. If the U.S. Marshals, who serve as agents of the United States and have numerous competing obligations in various criminal actions, are responsible for effectuating service, there may be substantial delay in service and levy of the

Bitcoin, hampering Plaintiffs' ability to obtain a lien and secure their interest in the Bitcoin against other creditors.

12. Plaintiffs also respectfully request that the Court direct notice of attachment to Iran and the Iran-China Investment Development Group by the manners set forth in their motion. When an attachment is obtained *ex parte*, CPLR § 6211(b) states that Plaintiffs' motion for confirmation must be provided to the garnishee and defendant "on such notice as the court shall direct." A notice is "valid" as long as service is made in the manner directed by the Court. *Al-Dohan v. Kouyoumjian*, 451 N.Y.S.2d 367, 369 (Sup. Ct. 1982) (notice valid under Section 6211(b) although it did not suffice as a summons), *rev'd on other grounds*, 461 N.Y.S.2d 2 (1983).

13. Iran was directly served in each of the underlying actions pursuant to the FSIA and had an opportunity to defend itself in each of the actions before the judgments were entered. All that is required in these proceedings is notice pursuant to CPLR § 6211. Plaintiffs request that the Court direct notice of these proceedings be sent to Iran by sending the attachment order and confirmation papers to Mr. Mehdi Atefat, Director of the Office for the Protection of the Interests of the Islamic Republic of Iran at 1250 23rd Street NW, Suite 200, Washington, D.C. 20037. The Interests Office is the only diplomatic presence Iran maintains in the United States. Because this notice under CPLR § 6211(b) is not service of process, the service requirements under 28 U.S.C. § 1608 applicable to foreign sovereigns do not apply.

14. Plaintiffs also ask that the Court direct notice be sent to the Iran and China Investment Development Group by email to their cryptocurrency mining pool, LuBian, and by sending notice to LuBian's attorney, Jeffrey Alan Brown of Dechert LLP, who has entered an appearance in the civil forfeiture action. As established in the expert declaration of Avigdor Sason Cohen filed contemporaneously with this declaration, LuBian is the pool name used by the Iran

and China Investment Development Group in conducting its Bitcoin mining operations. LuBian has identified its email on the Bitcoin network as 1228btc@gmail.com.

15. Attached hereto as **Exhibit 2** is a true and correct copy of Mr. Brown's notice of appearance in the forfeiture proceeding as counsel for LuBian. *United States v. Approximately 127,271 Bitcoin*, No. 1:25-cv-05745, Dkt. 13 (E.D.N.Y. Dec. 10, 2025).

16. I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on:   December 26, 2025
                  New York, New York

                                            Robert L. Weigel