

U.S. Department of Justice

United States Attorney
Eastern District of New York

AFM
F. #2024R00105

271 Cadman Plaza East
Brooklyn, New York 11201

January 22, 2026

By ECF

Hon. Marcia M. Henry
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Fritz, et al. v. Iran & China Inv. Dev. Grp*, 25-cv-7093 (MMH)

Dear Judge Henry:

      The government writes in opposition to the Plaintiffs' request for an "immediate attachment ex parte, without waiting for the government's response on February 9," Dkt. 85, notwithstanding this Court's December 31, 2025 Order deferring decision on the *ex parte* motion pending input from the government and the Court's January 13, 2026 granting the government's unopposed motion for an extension of time to respond until February 9, 2026.  The assets at issue in the Plaintiffs' motion are not at risk of dissipation: they remain within the government's custody and subject to the *in rem* jurisdiction of another court in this district in *United States v. Approx. 127,271 Bitcoin*, No. 25-cv-5745 (RPK).  The government intends to respond to the Plaintiffs' attachment motion in full by February 9, 2026, as directed by this Court.  There is no basis for the Plaintiffs to short-circuit this Court's deliberative process by seeking an "emergency" *ex parte* order before the government has a chance to respond.

      Before obtaining any attachment, *ex parte* or otherwise, the Plaintiffs must show, among other things, "that it is probable that the plaintiff will succeed on the merits." N.Y. CPLR § 6211.  They cannot do so.  The government intends to oppose the Plaintiffs' motion on a number of grounds, starting with the basic fact that the 127,271 Bitcoin (BTC) at issue in the civil forfeiture proceeding is not a "blocked asset" at all within the meaning of the Terrorism Risk Insurance Act (TRIA), Pub. L. No. 107-297, sec. 201(a), 116 Stat. 2322, 2337–40 (2012) (codified at 28 U.S.C. § 1610 note).  Under the plain text of the statute, TRIA only applies to "any asset seized or frozen by the United States *under* section 5(b) of the Trading With the Enemy Act [TWEA] (50 U.S.C. App. 5(b)) or under sections 202 and 203 of the International Emergency Economic Powers Act [IEEPA] (50 U.S.C. 1701; 1702)." TRIA § 201(d)(2)(A) (emphasis added).  The 127,271 BTC was never seized or frozen "under" TWEA or IEEPA.  It was seized and brought within the *in rem* jurisdiction of a civil forfeiture proceeding based on criminal violations of the wire fraud and money laundering statutes—not IEEPA.  *See*

*Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 139 (2d Cir. 2016) ("As relevant here, the plain text of the TRIA permits attachment of assets 'seized or frozen by the United States . . . under sections 202 and 203 of the [IEEPA].' It does not reach those funds which the government has been given authorization to control through another means.") (citations omitted), *abrogated on other grounds by Rubin v. Islamic Republic of Iran*, 583 U.S. 202, 138 S. Ct. 816 (2018). The government intends to raise additional challenges to the Plaintiffs' motion.

To be sure, the government expects the Plaintiffs to respond with legal arguments of their own. But set against the plain statutory text of TRIA, it cannot be said that "it is *probable* that [Plaintiffs] will succeed on the merits." CPLR § 6211 (emphasis added).

Nor have the Plaintiffs established, by "good and sufficient reasons," how the extraordinary remedy of an *ex parte* order is "necessary" here. LCvR 6.1(d). Indeed, the obvious discrepancy between TRIA's text and the Plaintiffs' claim for relief underscores the need to test the merits of their motion in the normal course through adversarial briefing. In the interim, the assets are secure and in no danger of dissipation. The civil forfeiture proceeding pending before Judge Kovner will adjudicate all claims to the 127,721 BTC, including the claim filed by the Plaintiffs in that case, as well as competing claims filed by the criminal defendant Chen Zhi, LuBian, and hundreds of fraud victims, among others.

As the Plaintiffs note, a profusion of additional TRIA claimants have emerged and are also seeking to file (untimely) claims in the civil forfeiture proceeding. Another putative TRIA claimant has filed a turnover action in the Southern District of New York, in which the government has just intervened. But those other actions do not bear on the only question before this Court—whether the Plaintiffs can satisfy the prerequisites under TRIA and New York law to obtain an order of attachment. And the government has moved for a stay of the Southern District proceeding.

In summary, the government respectfully requests that the Court deny the Plaintiffs' request for an *ex parte* attachment order without hearing from the government, and instead take this matter under advisement until after the Court has had the opportunity to hear in full from both interested parties.

                    Respectfully submitted,

                    JOSEPH NOCELLA, JR.
                    United States Attorney

By:     /s/
                    Alexander Mindlin
                    Tanisha Payne
                    Benjamin Weintraub
                    Andrew Reich
                    Rebeccah Schumann
                    Assistant U.S. Attorneys
                    (718) 254-7000

                    Christopher Brown
                    Supervisory Trial Attorney
                    National Security Division