**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM/CBB
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 23, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Noala Fritz, *et al.* v. Iran and China Investment Development Group d/b/a Lubian.com
Civil Docket No. 25-7093 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter pursuant to the Court's Individual Practice Rules to request a pre-motion conference for its anticipated cross-motion to dismiss the Complaint for Execution and Turnover, Dkt. 1, filed by Plaintiffs Noala Fritz, *et al.* (the "Fritz Claimants"), pursuant to Fed. R. Civ. P. 12(b)(1) and (6), for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

The Fritz Claimants are seeking to "attach" and force the United States to turn over to them approximately 127,271 Bitcoin (the "Defendant Cryptocurrency") that constitutes the *res* at issue in a civil forfeiture proceeding pending before this Court, *United States v. Approximately 127,271 Bitcoin*, No. 25-CV-5745 (RPK). The government has filed an opposition to the Fritz Claimants' "emergency" motion for an *ex parte* order of attachment, *see* Dkt. 96. The grounds for the government's anticipated motion to dismiss are the same as those set forth in its opposition, namely: (1) federal sovereign immunity bars attachment and turnover of property held by the government for forfeiture; (2) the bar on intervention in criminal forfeiture proceedings, 21 U.S.C. § 853(k), precludes the attachment and turnover action; (3) the Terrorism Risk Insurance Act (TRIA), Pub. L. No. 107-297, 116 Stat. 2322 (2012) (codified at 28 U.S.C. § 1610 note) does not apply because the Defendant Cryptocurrency is not a "blocked asset" of a "terrorist party" as those terms are defined in the statute; (4) the Fritz Claimants have not obtained a property-specific certification under 28 U.S.C. § 1610(c) finding that they can satisfy their judgments against the Government of Iran by attaching the Defendant Cryptocurrency; and (5) attachment is not necessary to prevent dissipation of the Defendant Cryptocurrency or to secure this Court's *in rem* jurisdiction. Should the Court grant leave to file the cross-motion to dismiss, the government requests that its opposition to the Fritz Claimants' motion, Dkt. 96, be construed as the government's letter memorandum in support of its cross-motion to dismiss.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc: Clerk of Court (RPK)
Counsel of Record