**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:RMS
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 22, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Approximately 127,271 Bitcoin
Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

Pursuant to Rule 3 of the Division of Business Rules for the Eastern District of New York, the government respectfully submits this consent motion for a determination that *Fritz et al v. Iran and China Investment Development Group*, No. 25-CV-7093 (MMH) ("*Fritz*") is related to the above-captioned case ("*127,271 BTC*") and also requests that the Court enter a docket order directing any future claimant filing a similar motion to do so in *127,271 BTC*, as opposed to a separate action.

I. Background

On October 14, 2025, the government filed a civil complaint *in rem* in *127,271 BTC*, seeking to forfeit 127,271 Bitcoin (the "Defendant Cryptocurrency") as proceeds of fraud and property involved in money laundering in connection with Chen Zhi's and others' operation of forced-labor scam compounds across Cambodia that engaged in cryptocurrency investment fraud schemes.

On December 26, 2025, judgment creditors of Iran brought the Fritz action, seeking turnover of the defendant cryptocurrency pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"), which allows attachment of "blocked assets of [a] terrorist party" when "a person has obtained a judgment against [that] terrorist party on a claim based upon an act of terrorism." Pub.L. 107–297, 116 Stat. 2322 § 201, at 28 U.S.C. § 1610 note; see N.Y. CPLR § 6205 (permitting order of attachment against foreign state); *id.* § 6211 (governing orders of attachment obtained without notice). The case was assigned to Magistrate Judge Marcia M. Henry. The plaintiffs moved *ex parte* for an emergency order of attachment, seeking to attach the Defendant Cryptocurrency.[1] Judge Henry, in turn, directed the

[1] The plaintiffs' filings in Fritz notably acknowledge that this Court is already exercising jurisdiction over the Defendant Cryptocurrency in *127,271 BTC*.

plaintiffs to seek the government's position as to their motion, at which time the government first because aware of the case. The government's response setting forth its position is due on February 9, 2026.

II. Discussion

1. The Court should deem *Fritz* related to *127,271 BTC* and preside over both cases.

Under Rule 3(a), civil cases are "related" when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge. Rule 3(b) provides that a party may apply for such a determination by filing a motion in the lowest-numbered case among the applicable cases and that, where the judges presiding over the cases at issue agree on whether cases should be reassigned, the judge presiding over the lowest-numbered case may grant or deny the motion. Pursuant to Rule 3(c), cases that have been judicially determined to be related shall be assigned by the Clerk to the judge assigned to the case with the lowest docket number.

*Fritz* is related to *127,271 BTC* because the two cases concededly concern the same property—namely, the Defendant Cryptocurrency that is the subject of the government's civil forfeiture complaint in *127,271 BTC*. Because of this factual alignment, a substantial saving of judicial resources is likely to result from the reassignment of *Fritz* to Your Honor.

The government has conferred with plaintiffs' counsel in *Fritz*, who do not oppose this application.

2. The Court should order that any party seeking turnover of the Defendant Cryptocurrency must do so in *127,271 BTC*.

As the Court is certainly aware, the *Fritz* action has unleashed a torrent of filings on the *127,271 BTC* docket by judgment creditors of Iran seeking to file claims out of time. Several such litigants already have represented to the government that they plan to file separate actions seeking attachment of the Defendant Cryptocurrency.

As directed by the Court, the government will address, on or before January 27, 2026, the issue of whether the recent spate of untimely claimants in *127,271 BTC* should be granted leave to file out of time. And by February 9, 2026, the government will respond substantively to the *Fritz* plaintiffs' motion for turnover.

In the meantime, though, it is likely that multiple claimants will file separate actions seeking *ex parte* orders of attachment against the Defendant Cryptocurrency, without notice to the government—as the *Fritz* plaintiffs indeed sought to do. Other judges in this courthouse, who lack Your Honor's familiarity with the underlying facts, will be asked to rule on issues that lie at the heart of *127,271 BTC*. *Cf.* N.Y. CPLR 6212 (requiring plaintiff seeking order of attachment to show that "it is probable that the plaintiff will succeed on the merits").

This Court has "inherent authority to manage [its] docket." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see also California Pub. Emps' Ret. Sys. v. ANZ Sec.*, 582 U.S. 497, 513 (2017) ("District courts, furthermore, have ample means and methods to administer their dockets and to ensure that any additional filings proceed in an orderly fashion."). Here, the government respectfully

submits that the Court should exercise that authority by issuing an order directing claimants that any motion seeking attachment of the Defendant Cryptocurrency must be filed before Your Honor, in the context of *127,271 BTC*, so that all claims to the Defendant Cryptocurrency may efficiently be adjudicated in the context of a single action. *Cf. Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (explaining that where "two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation," "the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other"). Such an order will prevent the chaos of multiple *ex parte* attachment orders issuing in multiple courtrooms and alleviate the burden on the government of responding to the same motion before multiple judges.

Accordingly, for the sake of efficient case management and to preserve judicial resources, the government requests the Court enter an Order that any party seeking to attach the Defendant Cryptocurrency—through TRIA or otherwise—must do so in *127,271 BTC*.

III. Conclusion

For the reasons stated above, the government respectfully requests that the Court deem *Fritz* related to *127,271 BTC* and enter an order directing that any potential claimant similarly seeking to assert an interest in the Defendant Cryptocurrency must do so in *127,271 BTC*.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander Mindlin
Tanisha Payne
Benjamin Weintraub
Andrew Reich
Rebecca Schuman
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (RPK) (via ECF)
Chambers of the Honorable Marcia M. Henry (via email)[2]
Counsel of Record (via ECF)

[2] Pursuant to Rule 3(b), the government promptly will file a notice of the submission of this motion in Fritz.