**GIBSON DUNN**

Robert Weigel
Partner
T: +1 212.351.3845
M: +1 917.573.8265
rweigel@gibsondunn.com

July 16, 2026

<u>VIA CM/ECF</u>

The Honorable Rachel P. Kovner
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Fritz et al. v. Iran and China Investment Development Group*, No. 25-cv-7093

Dear Judge Kovner:

Plaintiffs respectfully submit this response to Proposed Intervenors' letters, Dkts. 128, 130, requesting that the Court defer action on Plaintiffs' application for a Clerk's Certificate of Default until Proposed Intervenors' pending motion to intervene is decided. The requests should be denied.

Plaintiffs served Defendant, the Iran and China Investment Development Group d/b/a LuBian.com, pursuant to the Court's order authorizing alternative service and filed proof of that service. Dkt. 129. Proposed Intervenors do not identify any defect in Plaintiffs' service on LuBian or in the application for a Certificate of Default. Proposed Intervenors do not dispute that LuBian has not appeared, do not contend that LuBian timely answered or otherwise defended, and do not explain why the ordinary ministerial entry of default should be deferred based on objections that go, at most, to a later motion for default judgment or to the separate priority issues already presented by their intervention motion. As the *O'Neill* Proposed Intervenors concede, entry of a Certificate of Default "is usually an uncontroversial ministerial matter." Dkt. 128 at 2.

Proposed Intervenors offer no substantive reason why default should not be entered. The *Breitweiser* Intervenors mention, but do not endorse LuBian's halfhearted attempt to challenge service. Notably, LuBian did not file a motion to dismiss for insufficient service in this action. Instead, for strategic reasons, LuBian filed a letter requesting a stay of this action not here but in the related forfeiture action—in order to cover for its failure to answer the Complaint without actually appearing. *See* Forfeiture Dkt. 473. In any event, Proposed Intervenors lack standing to raise a defense that LuBian has made the tactical choice not to press. Whether done to preserve a doomed challenge to this Court's jurisdiction over it, to avoid discovery, or to avoid answering the merits of Plaintiffs' allegations that it is an instrumentality of Iran, the simple truth is that LuBian has confirmed in writing that it knows of this action and made the conscious decision not to respond to the complaint in a timely manner. *See id.* It is improper for LuBian to attempt to use a stay request filed in a different action as a way to set aside LuBian's default.

Proposed Intervenors do not contend that a Certificate of Default is unwarranted. They just want to throw sand in the gears to slow Plaintiffs down. They seek to delay the entry of default—even though they cannot dispute that default is warranted by LuBian's failure to appear

**GIBSON DUNN**

after service and the passage of its deadline to respond.  That LuBian is in default is a reason to deny intervention, *see* Fed. R. Civ. P. 24(b)(3), not a reason to delay the ministerial step of formally entering default.

New York law grants priority to the diligent creditor.  *See Authors Guild v. Google, Inc.*, 2009 WL 3617732, at *2–3 (S.D.N.Y. Nov. 4, 2009) (denying intervention); N.Y. B. Jacket 2010 S.B. 6360, Ch. 468 (explaining that CPLR 6205 was created to prevent gamesmanship and "secure priority for the judgment creditor whose time, efforts and expenditures have located the property in question by authorizing the court to issue post-judgment attachments" rather than "another creditor who learns through monitoring foreign sovereign debt litigation of the existence of such property").  Plaintiffs spent the time, money and other resources to uncover the connection between LuBian and Iran.  Proposed Intervenors were not diligent creditors.  They incurred none of those financial costs and simply copied Plaintiffs' work once it was publicly filed.  It is obvious why Proposed Intervenors want to slow Plaintiffs down; they seek to delay a future request by Plaintiffs—after a Certificate of Default has issued—for entry of default judgment and turnover.  CPLR 5234 is clear that "[w]here two or more [turnover] orders affecting the same interest in personal property or debt are filed, the proceeds of the property or debt shall be applied *in the order of filing*." (emphasis added).

Entry of a Certificate of Default does not "defeat the purpose" of Proposed Intervenors' motion to intervene.  Dkt. 128 at 2.  It does not prevent the Court from adjudicating their intervention request.  To the extent Proposed Intervenors are ever permitted to participate in this action, they can seek to raise any proper objection to Plaintiffs' anticipated motion for a Rule 55 default judgment at the appropriate time.  But intervention is not supposed to prejudice an existing party or delay a pending action.  *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 390 (2d Cir. 2006).  There is no basis to halt the Clerk's ministerial act of entry of a Certificate of Default—particularly at the request of nonparties whose intervention motion remains pending.

Proposed Intervenors do not represent LuBian, do not purport to appear for LuBian, and expressly take "no position" on the merits of LuBian's service arguments.  Dkt. 130 at 1.  In sum, there is no basis to withhold a Certificate of Default.

Accordingly, Plaintiffs respectfully request that the Court deny Proposed Intervenors' requests to defer action and allow the Clerk to enter a Certificate of Default.

Respectfully,

*/s/ Robert L. Weigel*
Robert L. Weigel