AMINI LLC

John W. Brewer
MEMBER NY BAR

212.497.8238
jbrewer@aminillc.com

January 30, 2026

**VIA ECF**

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brookly, NY 11201

**Re: No. 25-cv-5745, *United States v. Approximately 127,271 Bitcoin Etc.***

Dear Judge Kovner:

We represent 113 judgment creditors (the "Christie and Gration Claimants") of the Islamic Republic of Iran ("Iran") with claims to the defendant assets that the Government seeks to forfeit in this in rem action. Each of these claimants was a prevailing plaintiff in either. We write to request by this letter motion leave to file the attached verified claim nunc pro tunc on behalf of the Christie and Gration Claimants.

Each of these claimants has previously obtained an enforceable but currently unsatisfied judgment against Iran in either *Christie et al. v. Islamic Republic of Iran et al.*, D.D.C. 19-cv-1289, or *Gration et al. v. Islamic Republic of Iran et al.*, D.D.C. No. 21-cv-1859, in the aggregate amount of approximately $1.4 billion plus post-judgment interest. The names of each claimant and his or her judgment amount are set forth in an attachment to the verification submitted herewith. Each of these judgments is against a terrorist party and based on a claim for an act of terrorism within the meaning of section 201 of the Terrorist Risk Insurance Act ("TRIA"), Pub. L. 107-297. Each of these claimants thus has a claim superior to that of the Government with respect to the defendant assets to the extent they are property of Iran or any agency or instrumentality thereof.

As the Court is by now already aware due to the recent filing of multiple other claims herein by other alleged judgment creditors of Iran subsequent to the original December 29, 2025 deadline for the filing of claims, the original complaint herein provided no notice that the defendant assets might be assets of Iran. Nor were any other steps of which we are aware taken prior to that deadline to provide the numerous American-citizen terrorism victims such as the Christie and Gration Claimants with any sort of notice that the defendant assets might be subject to their claims under the TRIA.

Supplemental Rule G(5)(a)(ii), applicable in this civil forfeiture action, permits verified claims to the assets to be filed after the December 29, 2025 deadline if "good cause" exists. Good cause has usually been assessed in terms of whether there was "excusable neglect" for the claimant's failure to file by the deadline. This

> concept is an equitable one, taking account of all relevant circumstances surrounding the party's omission. Factors to be considered in evaluating excusable neglect include [1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*United States v. $1,084,170.78 Seized from Seacomm Federal Credit Union*, 2015 WL 3500201, *3 (N.D.N.Y. May 5, 2015) (citations and quotations omitted).

Such excusable neglect and good cause is present here, where the Christie and Gration Claimants were not on notice of their potential interest in the assets before the deadline and acted promptly once they became aware of the situation, especially where, as here there is no prejudice to the Government.

There is no prejudice to the Government because no substantive proceedings have yet taken place and the Court is evaluating multiple other potential claims by other alleged judgment creditors of Iran that were likewise raised after the December 29, 2025 deadline. As set forth in the attached verification, counsel for the Christie and Gration Claimants were not aware that the defendant assets herein might be property of an agency or instrumentality of Iran until after that deadline, and the Christie and Gration Claimants have now moved promptly to assert their rights herein.

We appreciate the Court's consideration.

/s/ *John W. Brewer*

John W. Brewer

CC: Counsel of Record (via ECF)