**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:RMS
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 19, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Approximately 127,271 Bitcoin
Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

Pursuant to Rule 3 of the Division of Business Rules for the Eastern District of New York, the government respectfully submits this consent motion for a determination that *Relvas et al v. Iran and China Investment Development Group*, No. 26-CV-642 (LDH/LKE) ("*Relvas*") is related to the above-captioned case ("*127,271 BTC*").

## I. Background

On October 14, 2025, the government filed a civil complaint *in rem* in *127,271 BTC*, seeking to forfeit 127,271 Bitcoin (the "Defendant Cryptocurrency") as proceeds of fraud and property involved in money laundering in connection with Chen Zhi's and others' operation of forced-labor scam compounds across Cambodia that engaged in cryptocurrency investment fraud schemes.

On February 5, 2025, judgment creditors of Iran brought the *Relvas* action, seeking to execute on the Defendant Cryptocurrency pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA"), which allows attachment of "blocked assets of [a] terrorist party" when "a person has obtained a judgment against [that] terrorist party on a claim based upon an act of terrorism." Pub.L. 107–297, 116 Stat. 2322 § 201, at 28 U.S.C. § 1610 note; see N.Y. CPLR § 6205 (permitting order of attachment against foreign state); *id.* § 6211 (governing orders of attachment obtained without notice). The case was assigned to District Judge LaShann DeArcy Hall.

## II. Discussion

Under Rule 3(a), civil cases are "related" when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge. Rule 3(b) provides that a party may apply for such a determination by filing a motion in the lowest-numbered case among

the applicable cases and that, where the judges presiding over the cases at issue agree on whether cases should be reassigned, the judge presiding over the lowest-numbered case may grant or deny the motion. Pursuant to Rule 3(c), cases that have been judicially determined to be related shall be assigned by the Clerk to the judge assigned to the case with the lowest docket number.

*Relvas* is related to *127,271 BTC* because the two cases concededly concern the same property—namely, the Defendant Cryptocurrency that is the subject of the government's civil forfeiture complaint in *127,271 BTC*.[1] Because of this factual alignment, a substantial saving of judicial resources is likely to result from the reassignment of *Relvas* to Your Honor.[2]

The government has conferred with plaintiffs' counsel in *Relvas*, who do not oppose this application.

III. Conclusion

For the reasons stated above, the government respectfully requests that the Court deem *Relvas* related to *127,271 BTC* and preside over both cases.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander Mindlin
Tanisha Payne
Benjamin Weintraub
Andrew Reich
Rebecca Schuman
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (RPK) (via ECF)
Chambers of the Honorable LaShann DeArcy Hall (via ECF)[3]
Counsel of Record (via ECF)

---

[1] Notably, the plaintiffs' complaint in *Relvas* acknowledges that this Court is already exercising jurisdiction over the Defendant Cryptocurrency in *127,271 BTC*.

[2] Following a similar application from the government, *see* ECF 102, the Court determined *Fritz et al v. Iran and China Investment Development Group*, No. 25-CV-7093 (MMH) to be related to *127,271 BTC*.

[3] Pursuant to Rule 3(b), the government promptly will file a notice of the submission of this motion in *Relvas*.