**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AFM:RMS
F. #2024R00105

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 27, 2026

By ECF

The Honorable Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Approximately 127,271 Bitcoin
Civil Docket No. 25-5745 (RPK)

Dear Judge Kovner:

The government respectfully submits this letter (1) to request a pre-motion conference with respect to anticipated motions to strike certain pleadings for lack of standing; and (2) to propose a briefing schedule for those motions, pursuant to the Court's order dated February 11, 2026.[1] For the reasons below, AWKO Claimants, HLF Claimants and Claimant Connie Wilson ("Claimant Wilson") each have failed to demonstrate they have both standing under Article III of the Constitution and statutory standing pursuant to 18 U.S.C. § 983(d)(1). Therefore, the government will move to strike their claims and AWKO Claimants' answer.

## I. Background

On October 14, 2025, the government filed a civil complaint *in rem* (the "Complaint"), seeking to forfeit 127,271 Bitcoin (the "Defendant Cryptocurrency") as proceeds of fraud and property involved in money laundering. ECF No. 1. As described in the Complaint, Chen Zhi served as Chairman of Prince Holding Group ("Prince Group"), a Cambodian corporate conglomerate that operated dozens of business entities, including Prince Real Estate Group. *Id.* ¶¶ 15, 16(r). While ostensibly focused on real estate development, financial services, and consumer services, Prince Group, under Chen's direction, made enormous profits for Chen and his associates by operating forced-labor scam compounds across Cambodia that engaged in cryptocurrency investment fraud schemes and used its vast network of seemingly legitimate business enterprises to launder its criminal proceeds. *Id.* ¶ 15.

[1] The government respectfully requests an expansion of the page-limit requirement for this pre-motion letter under the Court's Individual Practice Rules so that the government may address multiple motions in a single letter as well as the proposed briefing schedule.

On December 15, 2025, AWKO Claimants—444 claimants identified via pseudonym—filed notice of filing claims, asserting that each was a victim of a cryptocurrency investment fraud scheme. ECF No. 19. The government received 398 individual claim forms executed by these claimants under penalty of perjury. On January 5, 2026, AWKO Claimants filed an answer to the Complaint that provided no further information about their asserted interest in the Defendant Cryptocurrency. ECF No. 42.

On December 15, 2025, HLF Claimants—42 claimants identified via pseudonym—filed a "complaint of interest," asserting that each was a victim of a fraudulent investment scheme. *See* ECF No. 21.[2] The government has not received any individual claim forms executed by these claimants under penalty of perjury.[3] To date, HLF Claimants have not filed an answer.

On December 30, 2025, Claimant Wilson, proceeding *pro se*, filed a claim asserting that she had been fraudulently induced to transfer funds to a wrongdoer. ECF No. 39.[4] On January 29, 2026, Claimant Wilson filed an answer to the Complaint that provided no further information about her asserted interest in the Defendant Cryptocurrency. ECF No. 143.

## II. The Anticipated Motions

In order to assert a claim over property that is subject to a civil forfeiture action, a claimant "must have both standing under the statute or statutes governing [its] claims *and* standing under Article III of the Constitution as required for any action brought in federal court." *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) (emphasis added). "The term 'statutory standing' relates to a claimant's ability to show that he has satisfied whatever statutory requirements Congress has imposed for contesting a civil forfeiture action in federal court, while 'Article III standing' [or 'constitutional standing'] relates to the claimant's ability to show that he has a sufficient interest in the property to satisfy the case-or-controversy requirement of Article III of the Constitution." *United States v. 8 Gilcrease Lane*, 641 F. Supp. 2d 1, 5–6 (D.D.C. 2009) (internal quotation marks omitted). Standing is "a prerequisite to challenging the forfeiture," *United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014), and the burden of proof to establish standing rests with the claimant, *Mercado v. United States Customs Service*, 873 F.2d 641, 644 (2d Cir. 1989).

---

[2] Of note, the "complaint of interest" filed by HLF Claimants, ECF No. 21, is identical to the notice filed by AWKO Claimants shortly beforehand on the same date, ECF No. 19.

[3] The government repeatedly has requested these individual claims from counsel for HLF Claimants but still has not received any.

[4] Although Claimant Wilson has made approximately 41 submissions to date, including at least one other document identified as a verified claim, ECF No. 152, the government construes her initial, timely filing as her claim for purposes of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G").

"[T]he government may move to strike a claim or answer" at "any time before trial" on the basis that "the claimant lacks standing." Supp. R. G(8)(c)(i)(B).

A. AWKO Claimants, HLF Claimants, and Claimant Wilson Lack Constitutional Standing

To establish Article III standing, a claimant must demonstrate an ownership or possessory interest in the specific property at issue, except in limited circumstances. *See Cambio Exacto*, 166 F.3d at 527. An unsecured creditor "does not possess a legal right, title, or interest in the property that [is] forfeited as required for standing." *DSI Assocs. LLC v. United States*, 496 F.3d 175, 184 (2d Cir. 2007) (internal quotation marks omitted). To that end, numerous courts have found that where a fraud victim transfers money to a wrongdoer, the victim lacks standing to contest the forfeiture of the wrongdoer's property because once the transfer was made, the money became the wrongdoer's property and the victim became his unsecured creditor, even if the fraud victim can trace her money to the property being forfeited. *See, e.g.*, *United States v. Eldick*, 223 F. App'x 837, 839–40 (11th Cir. 2007); *United States v. $16,816.30 in Funds Maintained in Bank of Am. Acct. No. xxxxxxxxxxxx, Held in Name of B.V. Ventures, LLC*, 2023 WL 6613774, at *2 (N.D. Ga. Sept. 28, 2023); *United States v. Real Property Located in Los Angeles*, 2023 WL 3564732, *5 (C.D. Cal. Apr. 17, 2023); *United States v. Hoffman*, No. 11-CV-238 (DSD), 2012 WL 5351797, at *2 (D. Minn. Oct. 30, 2012); *United States v. $7,599,358.09*, 2011 WL 3611451, *3 (D.N.J. Aug. 15, 2011); *8 Gilcrease Lane*, 641 F. Supp. 2d at 5; *United States v. BCCI Holdings (Luxembourg) S.A.*, 69 F. Supp. 2d 36, 59 (D.D.C. 1999); *cf. Disner v. United States*, 888 F. Supp. 2d 83, 88 (D.D.C. 2012) ("[A] fraud victim who voluntarily transfers property to a wrongdoer does not retain a legal interest in the property; instead, the victim becomes a creditor of the wrongdoer."), *aff'd*, 2013 WL 1164502 (D.C. Cir. Feb. 20, 2013); *United States v. $58,000.00 in U.S. Currency*, No. 11-CV-95 (RLV), 2012 WL 2884697, at *3 (W.D.N.C. July 13, 2012) ("Persons including fraud victims who voluntarily transfer their property to their wrongdoers do not retain a legal interest in their property; instead, *such victims acquire a debt against their wrongdoers*." (alteration and internal quotation marks omitted) (emphasis in original)).

Taking as true the facts alleged in their respective claims, AWKO Claimants, HLF Claimants, and Claimant Wilson are victims who have been defrauded, not owners with a cognizable interest in the Defendant Cryptocurrency. *See* ECF No. 19, ¶ 5 (stating that claimants "fell victim to the scheme(s) the Complaint describes"); ECF No. 21, ¶ 5 (same); ECF No. 39, 2 (stating claimant transferred funds based on a "fraudulent assurance"). Because victims of schemes to defraud, such as these claimants describe, are unsecured creditors, they lack Article III standing to contest the instant civil forfeiture action, even if they are able to trace their losses to the Defendant Cryptocurrency. Their claims and AWKO Claimants' answer, therefore, warrant dismissal.[5]

---

[5] The government is certainly sympathetic to the plight of these victims. Although, as a matter of law, they are not proper parties to the instant action, they are not without remedy. Instead of contesting forfeiture actions, such victims must rely on the government's authority to remit forfeited funds to victims once the civil forfeiture action is complete. *See* 18 U.S.C. § 981(e)(6) (authorizing the Attorney General to remit forfeited property to non-owner victims); *cf. $7,599,358.09*, 2011 WL 3611451, at *4 (finding that fraud victims were unsecured creditors

B. AWKO Claimants, HLF Claimants, and Claimant Wilson Lack Statutory Standing

To establish statutory standing, a claimant must follow the procedural requirements set forth in Rule G. *See Cambio Exacto*, 166 F.3d at 526. "Strict compliance" is "typically required." *United States v. Conolly*, 694 F. App'x 10, 13 (2d Cir. 2017) (quoting *Cambio Exacto*, 166 F.3d at 529). Among the requirements is that a claim must "identify the specific property claimed," "state the claimant's interest in the property," and "be signed by the claimant under penalty of perjury." R. G(5)(a)(i)(A)–(C). "A person seeking to challenge forfeiture therefore lacks statutory standing if he or she has not filed a claim pursuant to Rule G(5)." *Conolly*, 694 F. App'x at 13. To that end, "a claimant cannot demonstrate statutory standing unless his verified statement of interest asserts an interest in the actual property sought to be forfeited," *United States v. $822,694.81 in United States Currency, Seized From Acct. No. XXXXXXXXXXXX, Held in Names of Godwin Ezeemo & Winifred C.N. Ezeemo, at Bank of Am.*, No. 13-CV-545 (RNC), 2015 WL 13765353, at *2 (D. Conn. July 24, 2015), and "blanket assertions of ownership are insufficient to establish a claim" because "a bald assertion of ownership, without more, could result in the Court entertaining a claim by an individual with no standing whatsoever," *United States v. $5,253.00 U.S. Currency*, No. 11-CV-6335, 2014 WL 122254, at *4 (W.D.N.Y. Jan. 13, 2014).

For purposes of demonstrating such an ownership interest, the relevant statute provides that "the term 'owner' does not include . . . a person with only a general unsecured interest in, or claim against, the property or estate of another." 18 U.S.C. § 983(d)(6)(B)(i); *cf. United States v. All Funds on Deposit with R.J. O'Brien & Assocs.*, No. 11-CV-4175 (MFK), 2012 WL 1032904, at *6 (N.D. Ill. Mar. 27, 2012) ("[A]n unsecured creditor lacks statutory standing to challenge a forfeiture."). Additionally, a claimant must file an answer to the forfeiture complaint within 21 days of filing the claim. Supp. R. G(5)(b). Where a claimant fails to comply with these procedural requirements, the claim may be stricken for lack of statutory standing. *Cambio Exacto*, 166 F.3d at 526; *see also, e.g.*, *United States v. $115,413.00 in U.S. Currency*, 770 F. Supp. 3d 862, 873–74 (E.D.N.C. 2025) (finding claimant lacked statutory standing because "threadbare assertions [of ownership] fail to comport with . . . Rule G(5)(a)'s requirement that claimants state their 'interest in the property'" (citing R. G(5)(a)(i)(B));*United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents ($417,143.48)*, No. 13-CV-5567 (MKB), 2015 WL 5178121, at *7 (E.D.N.Y. Sept. 2, 2015) (striking claims for lack of statutory standing because claimants failed to sign under penalty of perjury), *aff'd sub nom. United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17 (2d Cir. 2017); *United States v. $541,395.06 U.S. Currency*, No. 10-CV-6555 (CJS), 2012 WL 3614294, at *5 (W.D.N.Y. Aug. 21, 2012) (finding claimant lacked standing where he filed his answer 22 days after filing a claim and failed to provide an explanation of mitigating factors to excuse the late filing); *United States v. 479 Tamarind Drive, Hallendale, Florida*, No. 99-CV-2279 (DLC), 2011 WL 1045095, at *3

---

who thus lacked standing to contest the forfeiture action and noting they instead could file remission petitions with the Attorney General); *8 Gilcrease*, 641 F. Supp. 2d at 6 (explaining that fraud victims lacked standing to contest the forfeiture of the wrongdoer's property in the forfeiture proceeding but "are not without remedy" and could file remission petitions with the Attorney General). The government previously has discussed the remission process with counsel for AWKO Claimants, counsel for HLF Claimants, and Claimant Wilson.

(S.D.N.Y. Mar. 11, 2011) (striking claim for lack of statutory standing because claimant failed to file an answer); *United States v. One Men's Rolex Masterpiece Watch*, No. 07-CV-2508 (STA), 2008 WL 2769368, at *1 (W.D. Tenn. July 11, 2008) (determining that claimant lacked statutory standing because the claim contained counsel's notarized signature, which is insufficient under Rule G(5)(a)(i)(C)).

While AWKO Claimants assert "an interest in a portion of the Defendant [Cryptocurrency]," ECF No. 19, ¶ 2, that does not suffice for purposes of statutory standing. In addition to failing to adequately "state [their] interest in the property," they have not "identif[ied] the specific property claimed," since the Claims fail to identify the specific assets each claims at the 25 relevant virtual currency addresses, and their answer contains no additional information or clarification. To the contrary, their claims concede that each claimant's stolen funds "cannot be conclusively traced to a specific address included in the [Defendant Cryptocurrency]," thereby confirming the deficiency of their pleadings. As unsecured creditors, AWKO Claimants lack statutory standing.

In making the same bald assertion of ownership as AWKO Claimants, *see* ECF No. 21, ¶ 2, HLF Claimants similarly fail to sufficiently state their interest in the property, identify the specific assets claimed, and thus similarly fail to meet the requirements for statutory standing. As unsecured creditors, they, too, lack statutory standing. Moreover, HLF Claimants also have failed to provide any claims, let alone claims signed by each claimant under penalty of perjury, as required. Finally, they have failed to file an answer, and the 21-day deadline from the submission of their complaint of interest has long elapsed. HLF Claimants' pleadings, therefore, are deficient on all these bases.

While Claimant Wilson "request[s] that [her] losses be satisfied from the [Defendant Cryptocurrency]," ECF No. 39, 2, she has not identified the specific property claimed. Her claim references her transfer of fiat currency to a cryptocurrency exchange platform called ZipCoinEx, *see, e.g.*, *id.* at 13; *id.* at 16, but offers no connection between the funds she wired and the Defendant Cryptocurrency. Like AWKO Claimants, Claimant Wilson fails to identify the specific assets she claims at the 25 relevant virtual currency addresses, and her answer contains no additional information or clarification. She has shown that she is a victim of fraud but has not established an ownership interest in the Defendant Cryptocurrency. As an unsecured creditor, Claimant Wilson lacks statutory standing. Additionally, though she filed an answer to the Complaint, it was submitted 31 days after she filed her claim and is thus untimely pursuant to Rule G.

## III. Proposed Briefing Schedule

The government proposes the below briefing schedule with respect to AWKO Claimants, HLF Claimants, and Claimant Wilson.[6]

- Deadline for the government's motion to strike: March 23, 2026
- Deadline for the claimants' response: April 20, 2026
- Deadline for the government's reply: May 11, 2026

The government has conferred with counsel for AWKO Claimants and counsel for HLF Claimants, who concur with this proposed briefing schedule.[7]

The government proposed the above briefing schedule to Claimant Wilson, who declined it but did not propose an alternative. *Cf.* ECF No. 254.

---

[6] This proposed briefing schedule is not intended to apply to claimants Chen Zhi, Prince Holding Group, LuBian, Warp Data Technology Lao Sole Co. Ltd, Jian Yang, and Yuan Tian, who were the subject of a separate pre-motion letter from the government, *see* ECF No. 246, and have been ordered by the Court to respond to the government's motion for a pre-motion conference by March 4, 2026, Dkt. Entry Feb. 25, 2026. The government will propose a briefing schedule for these claimants if the Court so directs.

[7] The proposed schedule was designed to accommodate lead counsel for AWKO Claimants' multi-week unavailability due to pre-planned international travel.

IV. Conclusion

For these reasons, the government respectfully requests that the Court enter the above-proposed briefing schedule without a hearing or, should the Court prefer, hold a pre-motion conference with respect to the government's above-discussed anticipated motions to strike.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: /s/
Alexander F. Mindlin
Tanisha R. Payne
Benjamin Weintraub
Andrew D. Reich
Rebecca M. Schuman
Assistant U.S. Attorneys
(718) 254-7000

Christopher B. Brown
Supervisory Trial Attorney
National Security Cyber Section
National Security Division
U.S. Department of Justice

cc: Clerk of Court (RPK)
Counsel of Record (via ECF)
Connie Wilson, *pro se* (via ECF and certified mail)