**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendants in rem. | Civil Action No. 25-5745 (RPK) |

**CHAIRNOFF CLAIMANTS' ANSWER TO**
**CROSS-CLAIM FOR PRIORITY OF BREITWISER CLAIMANTS**

The Chairnoff Claimants, as previously listed and named in ECF Doc. No. 56-3, hereby answer through their undersigned counsel the Cross-Claim included with the Answer (ECF Doc. No. 216) of the so-called Breitweiser Claimants as follows, on personal knowledge as to their own acts and on information and belief as to all other matters:

1. Paragraph 1 is a legal conclusion to which no response is required.

2. Paragraph 2 is a legal conclusion to which no response is required.

3. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 3.

4. Paragraph 4 is a legal conclusion to which no response is required.

5. Paragraph 5 is a legal conclusion to which no response is required, except that the Chairnoff Claimants deny that the Breitweiser Claimants have any "priority claims" to the Defendant Assets superior to their own and lack knowledge sufficient to admit or deny whether the Breitweiser Claimants have "priority claims" superior to those of anyone else.

6. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 6.

7. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 7.

8. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 8.

9. The Chairnoff Claimants admit the allegations of Paragraph 9.

10. The Chairnoff Claimants admit the allegations of Paragraph 10.

**FIRST COUNT**
**(Priority Under CPLR § 5234-Executions)**

11. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 10 set forth above as though set forth in full here.

12. Paragraph 12 is a legal conclusion to which no response is required.

13. Paragraph 13 is a legal conclusion to which no response is required.

14. Paragraph 14 is a legal conclusion to which no response is required.

15. Paragraph 15 is a legal conclusion to which no response is required.

16. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 16.

17. Paragraph 17 is a legal conclusion to which no response is required, but it is denied that the Charinoff Claimants have not satisfied the prerequisites to execution, or done so at a later time, and that the claims of the Chairnoff Claimants to the Defendant Assets are subordinate to those asserted by the Breitweiser Claimants.

**SECOND COUNT**
**(Priority Under TRIA § 201 and Federal Law)**

18. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 17 set forth above as though set forth in full here.

19. Paragraph 19 is a legal conclusion to which no response is required.

20. Paragraph 20 is a legal conclusion to which no response is required.

21. The Chairnoff Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 21.

22. Paragraph 22 is a legal conclusion to which no response is required.

23. The Chairnoff Claimants deny that the Breitweiser Claimants' rights, if any, to the Defendant Assets have any priority over the Chairnoff Claimants' own rights to the same assets.

**THIRD COUNT**
**(Priority Under TRIA § 201 and Federal Law)**

24. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 23 set forth above as though set forth in full here.

25. The Chairnoff Claimants admit the allegations of Paragraph 25.

26. The Chairnoff Claimants admit the allegations of Paragraph 26.

27. Paragraph 27 is a legal conclusion to which no response is required.

28. The Chairnoff Claimants deny that the Breitweiser Claimants' rights, if any, to the Defendant Assets have any priority over the Chairnoff Claimants' own rights to the same assets.

**THIRD COUNT**
**(Declaratory Relief)**

29. The Chairnoff Claimants incorporate and reallege each and every response to Paragraphs 1 through 28 set forth above as though set forth in full here.

30. The Chairnoff Claimants admit the allegations of Paragraph 30, but deny that ad

hoc cross-claims for declaratory relief brought by individual claimant groups are the appropriate or superior method for resolving such controversies under the present circumstances.

31. The Chairnoff Claimants deny that the Breitweiser Claimants' rights, if any, to the Defendant Assets have any priority over the Chairnoff Claimants' own rights to the same assets.

## DEFENSES

The Chairnoff Claimants expressly reserve all other potential responses and defenses (without conceding that they bear the burden on any of them) to this Cross-Claim, including without limitation that it fails to state a claim, that it is premature or otherwise nonjusticiable, that the Breitweiser Claimants lack standing, and that the Cross-Claim is barred in whole or in part by waiver, estoppel, unclean hands, or any other relevant equitable doctrine.

WHEREFORE, the Chairnoff Claimants respectfully request that the Cross-Claim of the Breitweiser Claimants be denied in its entirety to the extent it seeks any priority over the claims of the Chairnoff Claimants to the Defendant Assets, and furthermore denied in its entirety as inconsistent with a sensible, fair and efficient process for this Court to evaluate and adjudicate the numerous competing claims to the Defendant Assets that have been brought.

## JURY DEMAND

The Chairnoff Claimants demand a trial by jury on all issues triable by jury.

Dated: March 4, 2026

Respectfully submitted,

By: /s/ James P. Bonner

James P. Bonner
**FLEISCHMAN BONNER & ROCCO LLP**
445 Hamilton Ave., Suite 102
White Plains, NY 10601
Telephone: (646) 415-1399
jbonner@fbrllp.com

*Attorneys for the Chairnoff Claimants*