**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 127,271 BITCOIN ("BTC") PREVIOUSLY STORED AT THE VIRTUAL CURRENCY ADDRESSES LISTED IN ATTACHMENT A, AND ALL PROCEEDS TRACEABLE THERETO,<br><br>Defendant, *In Rem.* | ) | Civil Action No. 1:25-cv-05745 (RPK) |

## SWINNEY CLAIMANTS' ANSWER TO CROSS-CLAIMS

The Swinney Claimants, by and through undersigned counsel, submit this Answer to the Cross-Claims asserted by Iranian Terrorism Victims in this action (the "Cross-Claimants"), and state as follows:

## GENERAL RESPONSE

Unless expressly admitted herein, the Swinney Claimants deny each and every allegation contained in the Cross-Claims.

The Swinney Claimants deny that the Cross-Claimants possess any right, title, or interest in the Defendant Cryptocurrency that is superior to any rights that the Swinney Claimants may possess under applicable law, including the Terrorism Risk Insurance Act.

## RESPONSES TO CROSS-CLAIM ALLEGATIONS

1. The Swinney Claimants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Cross-Claims and therefore deny

the same.

2. The Swinney Claimants admit that this Court has jurisdiction over the underlying forfeiture action. To the extent Paragraph 2 asserts that the Cross-Claimants possess superior rights to the Defendant Cryptocurrency, such allegations are denied.

3. The Swinney Claimants admit that certain parties in this action claim to hold judgments against the Islamic Republic of Iran but deny that any such claims are superior to the rights of the Swinney Claimants.

4. The Swinney Claimants deny that the Cross-Claimants possess priority over other claimants in this action, including the Swinney Claimants.

5. The Swinney Claimants lack knowledge or information sufficient to admit or deny the remaining allegations of the Cross-Claims and therefore deny the same.

**AFFIRMATIVE DEFENSES**

6. Without admitting any allegations in the Cross-Claims, and reserving all defenses available under law, the Swinney Claimants assert the following defenses:

**First Affirmative Defense**

**(Failure to State a Claim)**

7. The Cross-Claims fail to state a claim upon which relief may be granted.

**Second Affirmative Defense**

**(TRIA Rights)**

8. The Swinney Claimants are judgment creditors of the Islamic Republic of Iran holding final judgments arising from acts of state-sponsored terrorism. Pursuant to Section 201(a) of the Terrorism Risk Insurance Act ("TRIA"), blocked assets of Iran and its agencies or instrumentalities are subject to execution by holders of terrorism judgments, notwithstanding any

other provision of law.

**Third Affirmative Defense**

**(Pending Authorization Under 28 U.S.C. §1610(c))**

9. The Swinney Claimants have submitted a Verified Claim in this action and have requested leave of Court to file such claim after the deadline previously established by the Court. The Swinney Claimants have obtained or are actively pursuing judicial authorization under 28 U.S.C. §1610(c) permitting execution on their judgments against the Islamic Republic of Iran.

**Fourth Affirmative Defense**

**(Priority Not Yet Ripe)**

10. To the extent the Cross-Claims seek adjudication of priority among competing claimants, such issues are premature until the Court determines the universe of claimants properly permitted to assert interests in the Defendant Cryptocurrency.

**Fifth Affirmative Defense**

**(Reservation of Rights)**

11. The Swinney Claimants reserve the right to amend this Answer and assert additional defenses, counterclaims, or cross-claims as discovery and further proceedings may warrant.

**Sixth Affirmative Defense**

**(Cross-Claims Premature)**

12. To the extent the Cross-Claims seek a determination of priority among competing claimants, such claims are premature. The Court has not yet determined the universe of claimants properly permitted to assert interests in the Defendant Cryptocurrency, including the Swinney Claimants whose request for leave to file a Verified Claim remains pending. Accordingly,

adjudication of priority among claimants is not ripe and should be deferred until the Court determines which claimants may properly participate in this action.

**Seventh Affirmative Defense**

**(Reservation of Priority and Cross-Claims)**

13. To the extent necessary, the Swinney Claimants expressly reserve the right to assert their own claims, cross-claims, counterclaims, or other requests for relief relating to the priority of interests in the Defendant Cryptocurrency, including but not limited to rights arising under the Terrorism Risk Insurance Act, 28 U.S.C. § 1610, and any applicable federal or state law governing attachment, execution, or distribution of assets. Nothing in this Answer should be construed as waiving any such rights.

**PRAYER FOR RELIEF**

WHEREFORE, the Swinney Claimants respectfully request that the Court:

1. Dismiss the Cross-Claims against the Swinney Claimants;

2. Declare that the Cross-Claimants possess no priority over the Swinney Claimants with respect to the Defendant Cryptocurrency;

3. Preserve the Defendant Cryptocurrency pending adjudication of the rights of all claimants; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: March 6, 2026

/s/ *Hillary M. Nappi*

Hillary M. Nappi, Esq.
**AWK Survivor Advocate Attorneys PLLC**
**Of-counsel to Aylstock, Witkin, Kreis & Overholtz**
1133 Westchester Ave., Suite N-224
White Plains, NY 10604
Telephone: (914) 468-4840
Email: hnappi@awk-saa.com

**Attorneys for Swinney Claimants**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

*/s/ Hillary M. Nappi*
Hillary M. Nappi