UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEWYORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,                                    Civil Action No. 1:25-CV-05745 (RPK)

                              Plaintiff,

        -against-

APPROXIMATELY 127,271 BITCOIN (BTC)
PREVIOUSLY STORED AT THE VIRTUAL
CURRENCY ADDRESSES LISTED IN
ATTACHMENT A, AND ALL PROCEEDS
TRACEABLE THERETO,
                              Defendants *In Rem*.
------------------------------------------------------------------X

**ANSWER TO VERIFIED COMPLAINT IN REM, AFFIRMATIVE DEFENSES, CROSSCLAIMS AND COUNTERCLAIMS OF WEINSTOCK, MUSTARD. JOHNSON, AND HECHING CLAIMANTS**

        Pursuant to Rule G(5)(b) of the Federal Rules of Civil Procedures, Supplemental Rules for

Admiralty or Maritime Claims and Asset Forfeiture Actions, the claimants – all judgment creditors

holding judgments in the Weinstock[1], Mustard[2], Johnson[3], and Heching[4] cases (herein, the

Claimants or WMJH Claimants) —answer the Verified Complaint In Rem (ECF 1) as follows.

**NATURE OF THE ACTION**

1.  The Claimants admit the allegations in Paragraph 1, but deny that the United States has

    any right, title or interest in the Defendants *In Rem* that is superior to the right, title or

    interest of the Claimants in the Defendant *In Rem*.

---

[1] *Weinstock v. Islamic Republic of Iran*, Civil Action No. 17-cv-23272 (S.D. Fla.). The Weinstock Claimants filed their verified claim herein on March 20, 2026. ECF 354.
[2] *Mustard v. Islamic Republic of Iran*, Civil Action No. 21-cv-00163 (D.D.C.). Claimants filed their verified claim herein on March 23, 2026. ECF 359.
[3] *Johnson v. Islamic Republic of Iran*, Civil Action No. 23-cv-01689 (D.D.C. ). Claimants filed their verified claim herein on March 23, 2026. ECF 358.
[4] *Heching v. Islamic Republic of Iran*, Civil Action No. 17-cv-01659 (D.D.C.). Claimants filed their verified claim herein on March 23, 2026. ECF 365.

2. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Claimants deny that the United States has any right, title, or interest in the Defendants In Rem that is superior to the Claimants' right, title, or interest.

## JURISDICTION AND VENUE

3. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, the Claimants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Claimants lack sufficient knowledge to confirm or deny the allegation.

## THE DEFENDANTS IN REM

5. The Claimants admit the allegations of Paragraph 5. On information and belief, the Defendants In Rem are owned by the Iran and China Investment Development Group ("ICG"), an Iranian joint-stock company doing business as LuBian that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran to assist that country's longstanding efforts to evade U.S. sanctions.

6. On information and belief, the Claimants admit the allegations in Paragraph 6.

## RELEVANT STATUTES AND RULES

A. **Wire Fraud**.

7. Paragraph 7 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

2

8. Paragraph 8 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

**B. Money Laundering.**

9. Paragraph 9 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

10. Paragraph 10 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

11. Paragraph 11 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

12. Paragraph 12 contains legal conclusions and describes a statute that speaks for itself, to which no response is required.

**C. Forfeiture Statutes.**

13. Paragraph 13 contains legal conclusions and describes a statute that speaks for itself, to which no response is required. To the extent a response is required, the Claimants deny that any of the statutes confer on the United States any right, title, or interest in the Defendants In Rem that is superior to the right, title, or interest of the Claimants in the Defendants In Rem.

14. Paragraph 14 contains legal conclusions and describes a statute that speaks for itself, to which no response is required. To the extent a response is required, the Claimants deny that any of the statutes confer on the United States any right, title, or interest in the Defendants In Rem that is superior to the right, title, or interest of the Claimants in the Defendants In Rem.

**FACTS**

**A. Introduction.**

15. The Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 15.

**B. Relevant Individuals and Entities.**

16. The Claimants lack sufficient knowledge to admit or deny the allegations in Paragraph 16.

**C. Relevant Terms and Definitions.**

17. The Claimants admit the allegations in subsections (d) through (l) of Paragraph 17. The Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 17, including subsections (a) through (c).

**D. The Criminal Schemes.**

    i.    **Background.**

18. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 18.

19. Paragraph 19 purports to quote a document that speaks for itself, and no response is required. The Claimants lack knowledge sufficient to admit or deny the remaining allegations in Paragraph 19.

20. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 20.

    ii.    **The Fraud Schemes.**

21. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 21.

    a.  **The Scam Compounds.**

22. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 22.

23. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 23.

24. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 24.

25. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 25.

26. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 26.

**b.  Use of Bribed and Violence in Furtherance of the Schemes.**

27. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 27.

28. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 28.

29. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 29.

30. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 30.

31. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 31.

**c.  The Brooklyn Network.**

32. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 32.

33. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 33.

34. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 34.

35. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 35.

36. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 36.

37. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 37.

**iii.  The Money Laundering Schemes.**

38. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 38.

39. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 39.

40. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 40.

41. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 41.

42. On information and belief, the Claimants admit that the ICG did business as LuBian and operated a bitcoin mining operation on behalf of the Islamic Republic of Iran, including the Islamic Revolutionary Guard Corps. The Claimants lack knowledge sufficient to admit or deny the allegations in Paragraph 42.

5

43. On information and belief, the Claimants deny the implication that the wallets containing the Defendants In Rem were exclusively controlled by Chen. The Claimants lack knowledge sufficient to admit or deny the remaining allegations of Paragraph 43.

**E.  The Defendants In Rem.**

44. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 44.

45. On information and belief, the Claimants admit that the referenced addresses were primarily funded by cryptocurrency mining, including addresses associated with Lubian. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 45.

46. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 46.

47. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 47.

48. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 48.

49. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 49.

50. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 50.

51. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 51.

52. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 52.

53. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 53.

54. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 54.

55. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 55.

56. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 56.

57. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 57.

58. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 58.

**F.  Criminal and Regulatory Actions.**

59. The Claimants lack knowledge sufficient to admit or deny the allegations of Paragraph 59. However, pursuant to section 201 of the Terrorism Risk Insurance Act of 2002 (TRIA), Pub. L. 107-297, Title II, § 201, 116 Stat. 2337, 2339 (codified at 28 U.S.C. § 1610 note), the Claimants deny any implication that they need a license from the Office of Foreign Asset Control to enforce their judgments against the Defendants In Rem.

**FIRST CLAIM FOR RELIEF**
(Proceeds Traceable to Wire Fraud)

60. Paragraph 60 contains no allegations to which a response is required. To the extent a response is required, Claimants incorporate and restate their responses to Paragraphs 1-59.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendants In Rem that is superior to those of the Claimants.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendants In Rem that is superior to those of the Claimants.

**SECONDCLAIM FOR RELIEF**
(Property Involved in Money Laundering)

63. Paragraph 63 contains no allegations to which a response is required. To the extent a response is required, Claimants incorporate and restate their responses to Paragraphs 1-59.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendants In Rem that is superior to those of the Claimants.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Claimants deny that the United States has any right, title, or interest in the Defendants In Rem that is superior to those of the Claimants.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The United States and the Verified Complaint failed to provide adequate notice to the Claimants of their potential right to proceeds from the action.

### Second Affirmative Defense

The Claimants have superior rights, title, and interest to and in the Defendants In Rem under section 201 of TRIA, and therefore are entitled to satisfy their judgments with the Defendants In Rem. As discussed in their Verified Claims herein, all requirements of TRIA Section 201(a) are satisfied. The Claimants hold terrorism judgments against Iran; the Defendants In Rem are blocked assets under TRIA; and the Defendants In Rem are owned by ICG, an agency or instrumentality of Iran.

### Third Affirmative Defense

Under 18 U.S.C. § 983(d), the Claimants are innocent owners of the Defendants In Rem to the extent necessary to satisfy their outstanding judgments. To the extent the Claimants do not strictly satisfy any requirements of 18 U.S.C. § 983(d), the "notwithstanding" clause in section 201(a) of TRIA operates such that TRIA prevails over any such conflicting provisions of law.

### Fourth Affirmative Defense

The Fifth Amendment provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. V. Because of their claim under TRIA, the Claimants have a property interest in the Defendants In Rem governed by the Fifth

8

Amendment. As a result, forfeiting the Defendants In Rem to the government without "due process of law" would violate the Claimants' rights under the Fifth Amendment

### Fifth Affirmative Defense

The Fifth Amendment also provides that "private property" shall not "be taken for public use, without just compensation." U.S. Const. Amend. V. Because of the Claimants' property interest in the Defendants In Rem, forfeiting that property to the government would result in a taking of their property without just compensation.

### Sixth Affirmative Defense

Pursuant to 34 U.S.C. § 20144(e)(2)(A), to the extent the Defendants In Rem are not required to be transferred to the Claimants, it is required to be deposited into the United States Victims of State Sponsored Terrorism Fund. *See.*

### Seventh Affirmative Defense

Claimants incorporate by reference any defense that any other claimant pleads in this action, to the extent the defense applies to any claims against the Defendants In Rem, in whole or in part

### CROSSCLAIMS AND COUNTERCLAIMS

### Turnover and Declaration of Priority Pursuant to TRIA § 201

1. For their Crossclaims and Counterclaims, the Claimants allege as follows:

2. This Court has jurisdiction over the TRIA Claims pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, pursuant to TRIA section 201(a), and pursuant to Supplemental Rule G.

3. Venue is proper in this District because the TRIA Claims are ancillary to, and arise from, the same proceeding pending before this Court.

4. The Claimants are judgment creditors of the Islamic Republic of Iran, holding final, unsatisfied judgments for damages arising from acts of state-sponsored terrorism.

5. The Weinstock Claimants are the estate, family members, and estates of since-deceased family members of 19-year-old United States citizen, Yitzchak Weinstock who was murdered in a Iran-sponsored Hamas shooting attack in Israel.

6. The total amount of the Weinstock Judgment (before post-judgment interest) is $26,291,000.

7. The Mustard and Johnson Claimants are servicemembers and the estate of a servicemember injured in the 1996 attack on the Khobar Towers in Dhahran, Saudi Arabia, and family members of these and other servicemembers injured in the Khobar Towers attack.

8. The Mustard Claimants hold a compensatory judgment against Iran in the total amount of $13,750,000 and a punitive judgment in the same amount (before post-judgment interest).

9. The Johnson Claimants hold a compensatory judgment against Iran in the total amount of $17,250,000 and a punitive judgment in the same amount (before post-judgment interest).

10. The Heching Claimants are the U.S. citizen victims, estates of victims, and family members of the victims and estates of victims of a 2014 Iran-sponsored terrorist attack in a Jerusalem synagogue.

11. The Heching Claimants hold a compensatory judgment against Iran in the total amount of $172,874,153 and a punitive judgment in the total amount of $594,687,086.36 (before post-judgment interest).

12. The judgments above remain wholly unsatisfied.

13. Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") (appearing at 28 U.S.C. § 1610 (note)) provides in relevant part: "Notwithstanding any other provision of law … in every case in which a person has obtained a judgment against a terrorist party on a claim based

upon an act of terrorism … the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable." TRIA § 201(a).

14. Iran is a "terrorist party" under TRIA section 201(c).

15. The defendants to the TRIA claims herein include the Defendants In Rem and any and all parties who assert any legal, equitable, possessory, property, or contingent interest in the Defendants In Rem.

16. The Defendants In Rem constitute blocked assets of Iran and/or its agency or instrumentality and is therefore subject to execution and attachment by the Claimants pursuant to TRIA § 201.

17. TRIA creates a priority execution regime favoring holders of terrorism judgments over competing non-TRIA claimants.

18. Even if competing claimants satisfy federal forfeiture and/or state-law execution or attachment requirements, their claims are subordinate to the Claimants' TRIA Claims.

19. Claimants adopt all applicable crossclaims and counterclaims pleaded by other claimants who are terrorism judgment creditors of Iran

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) and Rule G(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Claimants demand a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, the Claimants respectfully request that the Court:

11

a.  Order that judgment be entered in their favor and against the United States and all other claimants;

b.  Order that the Defendants In Rem be turned over to the Claimants;

c.  Declare that the Claimants have priority over all other claimants under TRIA § 201 and any other applicable law;

d.  In the alternative, the Court should declare that any forfeiture, remission, or other disposition of such assets must be deposited into the United States Victims of State Sponsored Terrorism Fund pursuant to the statutory scheme set forth in 34 U.S.C. § 20144(e), and that no disposition inconsistent with that statutory framework may occur;

e.  Order that the Claimants be awarded attorneys' fees and the costs of suit;

f.  Grant the Claimants such other and further relief as the Court deems just and proper.

Dated: April 10, 2026                          Respectfully submitted,


By:  /s/ Asher Perlin
Asher Perlin
LAW OFFICE OF ASHER PERLIN
Bar I.D. FL0006
4300 Biscayne Boulevard, Suite 203
Miami, Florida 33137
786-687-0404
asher@asherpelin.com

*Counsel for the Weinstock, Mustard, Johnson, and Heching Claimants*